(94 App. Div. 179.)

## WILLARD v. WELCH et al.

(Supreme Court, Appellate Division, Fourth Department. May 26, 1904.)

1. MORTGAGES—GUARANTY—FAILURE TO INSURE—RELEASE OF GUARANTORS.

A mortgage containing a clause requiring mortgagors to insure the buildings in an amount approved by the mortgagees, and to assign the policy and the certificate thereof to the mortgagees, their heirs and assigns, and in case of the mortgagors' default authorizing the mortgagees to effect such insurance at the mortgagors' expense, was assigned to plaintiff, accompanied by the mortgagees' personal guaranty of payment of the mortgage indebtedness. The mortgagors, of their own motion, effected insurance on the premises, which was in force when the buildings were destroyed by fire, and the amount of the policy was paid to them. *Held*, that the privilege of requiring insurance was for the benefit of the mortgagees, but imposed no imperative duty on them, and, they not having

enforced the mortgagors' obligation to insure while they were the owners of the policy, plaintiff's failure to avail herself of a right to exact insurance did not relieve the mortgagees from liability on their guaranty for a deficiency on foreclosure of the mortgage.

**2. SAME.**

The fact that such assignee was to approve the amount of the insurance did not cast an affirmative duty on her to take the initiative in procuring such insurance, since it was optional with her whether she would demand insurance at all.

**3. SAME—COLLECTION OF INSURANCE.**

Where an assignee of a mortgage was entitled to compel the mortgagors to insure the property for her benefit, but failed to do so, and insurance was effected by the mortgagors for their own benefit, the assignee's failure to collect the insurance money after loss, which was subsequently paid to the mortgagors, did not relieve the mortgagees from liability on a guaranty of payment of the mortgage.

**4. SAME—ATTEMPT TO RECOVER LOSS.**

Where an assignee of a mortgage accompanied by a guaranty of payment did not in fact recover any of the proceeds of an insurance policy on the mortgaged property after loss, the fact that she attempted to recover such money by suit did not operate to relieve the guarantors from liability for a deficiency.

Appeal from Special Term, Herkimer County.

Action by Harriet C. Willard against Sarah A. Welch and others. From a judgment in favor of plaintiff on a referee's report, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

C. J. Palmer, for appellants.
A. M. Mills, for respondent.

SPRING, J. On December 17, 1890, the defendants Welch executed their mortgage to the defendant O'Rourke to secure the sum of $1,900, and personally covenanted to pay the same. The mortgage contained the usual clause requiring the mortgagors to insure the buildings on the property "in an amount approved by the said parties of the second part, and assign the policy and certificate thereof to the said parties of the second part, their heirs and assigns," and in default of so doing the mortgagees were authorized to effect such insurance at the expense of the mortgagors, to be added to the mortgage lien. On April 16, 1892, the mortgagees, for a valuable consideration, assigned the mortgage to George A. Hardin. Accompanying the transfer was their personal guaranty of payment of the mortgage indebtedness. In September of that year Judge Hardin assigned the mortgage and guaranty to the plaintiff. The plaintiff never insured the buildings on the property, and never required the mortgagors to do so. It appears, however, that in 1895 they effected insurance thereon, which was in force in August, 1897, when the buildings were destroyed by fire, and the amount of the policy to the extent of $500 was paid to the insured.

The plaintiff has foreclosed the mortgage and recovered a judgment for deficiency against the guarantors. They contend that they are not liable, because the plaintiff neglected to require the obligors to insure the buildings for her benefit. We do not assent to this contention. The privilege of requiring insurance was for the benefit of the mort-

gagees, but imposed no imperative duty upon them. In fact, it does not appear that while they were the owners of the obligation they enforced this provision, for apparently no insurance at all was obtained until five years after the execution of the mortgage, and the plaintiff did not attempt to add to her security by availing herself of the right to exact insurance. She was not obliged to do so for the benefit of the sureties. When they executed the contract of guaranty, presumably they knew there was no insurance for their benefit, and they made no agreement enlarging the burden of their assignee by obliging him to obtain insurance as an additional protection. If the plaintiff had undertaken this, it might have imposed upon her the payment of money. To be sure, the sum paid would have been added to the mortgage, but she may have been without the cash, or may not have desired to increase the mortgage lien, or may have preferred to rely upon the guaranty of payment. No explanation of her conduct is necessary, for no affirmative duty was imposed upon her. She could not do any act which would in any way add to or alter the liability of the sureties, but, as long as she did nothing whatever, they are not exonerated of their guaranty. Schroeppell v. Shaw, 3 N. Y. 446; Newcomb v. Hale, 90 N. Y. 326–331, 43 Am. Rep. 173; State Bank v. Smith, 155 N. Y. 185–198, 49 N. E. 680. They became sponsors for the mortgagors to pay their indebtedness knowing the terms of the contract by which their liability was created. They took the chances of the principal debtors complying with the clause respecting insurance.

It is urged that, as the plaintiff was to approve of the amount of the insurance, an affirmative duty was cast upon her. The approval followed the issuance of the policy, and she was not compelled to take the initiative in procuring that. The right of approval was for her benefit, and necessary, if she elected to require insurance, in order to make it fairly equivalent to the value of the buildings. The crucial failure of the appellants' position is that they overlook the fact that it was optional with the plaintiff to demand the insurance at all.

It is claimed that it was incumbent upon the plaintiff to collect the insurance money which the mortgagors received. There is no suggestion of any collusion between her and them. The only complaint is she was remiss in that she failed to put forth the effort which she might have exerted. Again we must bear in mind that the keynote of the conduct to be required of the plaintiff was to do no positive act to the detriment of the guarantors. "Mere passive negligence or laches of an obligee or creditor, mere nonperformance of some affirmative act, which, if performed, might prevent loss to the surety, will not, in the absence of some express covenant or condition to that effect, discharge a surety, and the neglect of duty which is available as a defense for a surety must be of some duty owing to the surety, and not to others; some positive duty undertaken in behalf of and for the benefit of the surety." Board of Supervisors v. Otis, 62 N. Y. 88, 92. Undoubtedly, upon the payment of the mortgage the sureties would have been substituted to the rights of the plaintiff, embracing any collateral security which she may have held. If she possessed the right to pursue this insurance money, that right they obtain upon payment. The principle of subrogation, however, does not become effective until after

the surety has paid the debt. Nor is the plaintiff estopped because she alleged in her complaint that the defendant Sarah Welch obtained the insurance money, and converted it to her own use, and asked judgment therefor. The plaintiff did not, in fact, recover any of the money in the action, and has never received any of it. If any payment had actually been made, or if any security had been obtained by her, it would inure to the benefit of the surety; but the attempt to recover is not to be treated as an actual payment any more than a promise is not deemed equivalent to fulfillment.

It is also noted that the mortgage indebtedness had not fully matured at the time of the fire, and the plaintiff could not have been required to accept payment. In the first place, the appellants never made any offer of payment, and never went to the extent of asking that the plaintiff procure insurance; in the second place, they knew the long time which the mortgage debt had to run, and made no contract with their assignee to protect them by reason thereof. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.